UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DINA DABBOUSEH, | |
| Plaintiff, | |
| v. | Case No. 2:25-CV-00256-GSL-APR |
| VIP PARCEL, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is pro se Plaintiff Dina Dabbouseh's Complaint [DE 1] and Motion to Proceed In Forma Pauperis [DE 2]. For the reasons below, the Court denies the Motion to Proceed In Forma Pauperis, and the Complaint is dismissed without prejudice.

## Discussion

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff's Motion to Proceed In Forma Pauperis establishes that she is unable to prepay the filing fee. [DE 2]. However, before Plaintiff's case may proceed, the Court must examine whether her action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Wartman v. Branch 7, Civ. Div., Cnty. Ct., Milwaukee Cnty., State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975); 28 U.S.C. § 1915(e)(2)(B).

The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab.*

*& Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

On June 9, 2025, Plaintiff went to the U.S. Post Office in Merrillville, Indiana to inquire about a package she was expecting. [DE 1, Page 2]. The package contained certified natural diamonds from India worth $2,000,000. [*Id.*]. The diamonds were supposed to be the replacement for a diamond she returned via mail. [*Id.*]. From her post office visit, Plaintiff learned that her package was with VIP Parcel, a shipping services company located in Huntingdon Valley, Pennsylvania. [*Id.*]. She called the company, who she alleges denies having the package. [*Id.*]. As far as the Court can tell, Plaintiff attributes the loss to VIP Parcel. She states that the loss "was the proximate and actual cause of economical [loss] to the merchant on ebay and [herself]." [*Id.*, Page 3]. She seeks $1,000,000. [*Id.*].

As an initial matter, Plaintiff may not sue on behalf of another, in this case the online merchant. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[a party] generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of

third parties") (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)). To the extent this Complaint asserts any such claims, those claims are dismissed.

As for the thrust of the Complaint, Plaintiff fails to state a claim upon which relief can be granted. The factual content alleged here does not allow the Court to draw a reasonable inference that Defendant VIP Parcel is liable to Plaintiff for the misconduct alleged, because the Court is unsure of the misconduct being alleged. On only these facts, all Defendant has done is deny that they have the package. Without more, the Court fails to find a claim here upon which it may grant relief.

## Conclusion

Accordingly, Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, her Motion to Proceed In Forma Pauperis [DE 2] is **DENIED**. Plaintiff is given until July 11, 2025, to reapply to proceed in forma pauperis and to file an amended complaint. If Plaintiff fails to file these items before the deadline, the Court will direct the Clerk to close the matter without further notice to Plaintiff.

SO ORDERED.

ENTERED: June 11, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

3